```
                    UNITED STATES DISTRICT COURT

                FOR THE EASTERN DISTRICT OF CALIFORNIA


In re:
SHEPARD JOHNSON and MONTE
JOHNSON,
                                        NO. CIV. S-08-679-LKK
        Debtors,
_____
                                              O R D E R
SHEPARD JOHNSON, an individual,
GRUPO ISLAS TROPICALES, S.A.,
GRUPO CAYO NANCY, S.A., and
SOLARTE PLANTATION, S.A.,
Panamanian Corporations,


        Plaintiffs,

    v.

MONTE WATSON, et al,

        Defendants.
_____
DAVID MINER, an individual,

        Counter-Claimant,

    v.

SHEPARD JOHNSON, an individual,
et al.,

        Counter-Defendants.

_____
```

1

1    Pending before the court is plaintiffs' motion for leave to
2 appeal an interlocutory decision of the bankruptcy court in an
3 adversary proceeding granting defendants' motion for partial
4 summary judgment and judgment on the pleadings.  The bankruptcy
5 judge granted the motion on the grounds that the alleged conduct
6 giving rise to suit -- communication directed toward obtaining a
7 criminal prosecution against plaintiff Shepard Johnson -- was
8 protected by the litigation privilege.
9    Plaintiffs Shepard Johnson, Grupo Islas Tropicales, S.A.,
10 Grupo Cayo Nancy, S.A., and Solarte Planatation, S.A. are the
11 developers of property on Isla Solarte, an island off the coast of
12 Panama.  FAC ¶ 4.  Defendants David Miner and Patricia Hermanson
13 purchased lots from plaintiffs, but a dispute subsequently arose
14 when defendants allegedly refused to agree to certain covenants and
15 restrictions on the land.  FAC ¶¶ 33-34. Defendants then allegedly
16 engaged in a conspiracy against plaintiffs by initiating false
17 criminal charges against plaintiffs in Panama, where there is
18 allegedly no right to a jury trial.  FAC ¶¶ 41, 56.  Plaintiffs
19 subsequently brought suit against defendants asserting, among other
20 things, fraud and extortion.  FAC ¶¶ 110, 179-182.
21    According to plaintiffs, defendants sent emails to plaintiff
22 Johnson threatening him with criminal prosecution if he did not
23 comply with demands concerning Isla Solarte, including the demand
24 that title be issued free of covenants and restrictions.
25 Defendants then allegedly carried out their threats by filing
26 criminal charges against Johnson in Panama and then publishing

2

defamatory statements on Panamanian television.  Plaintiffs also allege that defendants agreed to drop the criminal charges only if Johnson would accede to demands regarding the Isla Solarte property.

Defendants subsequently filed their motion for partial summary judgment and judgment on the pleadings arguing that the complained of conduct was protected by the litigation privilege.  The bankruptcy judge granted that motion, effectively ruling from the bench on March 11, 2008 and subsequently issuing a minute order on March 14, 2008.  Plaintiffs then filed the present motion for leave to appeal.

## II. Standard

The jurisdiction of a federal district court to entertain an appeal from a bankruptcy court is governed by 28 U.S.C. § 158(a), which provides, in pertinent part, that "district courts of the United States shall have jurisdiction to hear appeals [] from final judgments, orders, and decrees . . . and [] with leave of the court, from other interlocutory orders and decrees."  28 U.S.C. § 158(a).

In deciding whether leave should be granted, the court applies the general standard for appeals of interlocutory orders set forth in 28 U.S.C. § 1292(b).  In re Bretain, 215 B.R. 438, 441 (9th Cir. B.A.P. 1997).  Three conditions must be satisfied: (1) there must be a controlling question of law, (2) on which there is substantial grounds for difference of opinion, and (3) an immediate appeal would materially advance the ultimate termination of the

1  litigation.  In re Cement Antitrust Litig., 673 F.2d 1020, 1026
2  (9th Cir. 1982).

### III. Analysis

Plaintiffs argue that the controlling question of law in this case is whether conduct that would otherwise give rise to a claim for civil extortion may nevertheless be protected by the litigation privilege provided by California Civil Code § 47(b). "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990).

Plaintiffs contend that the California Supreme Court's decision in Flatley v. Mauro, 39 Cal. 4th 299 (2006), left open the question of whether the litigation privilege applies to civil extortion.  In Flatley, the court addressed the issue of whether speech or petition activity that is clearly illegal, such as criminal extortion, is protected by the anti-SLAPP (strategic lawsuits against public policy) statute.  Id. at 320.  The court held that it was not.  It only discussed the issue of the litigation privilege to the extent that it rejected the notion that the protections of the litigation privilege were coterminous with the protections of the anti-SLAPP statute.  Id. at 325 ("we reject [the] contention that, because some forms of illegal litigation-related activity may be privileged under the litigation

4

privilege, that activity is necessarily protected under the anti-SLAPP statute.").

Plaintiffs are therefore technically correct in stating that Flatley did not address the issue of whether the litigation privilege protects conduct that would otherwise constitute extortion, because the court was only faced with the task of construing the anti-SLAPP statute. That said, plaintiffs' conclusion that Flatley therefore left an unresolved void in California law is erroneous. In applying the litigation privilege, the legally relevant question is not whether the communication at issue would otherwise be illegal but whether the communication achieves the objects of litigation and has some connection or logical relation to it. Far from presenting an unresolved question of law, these standards are in fact well-settled under California law. Silberg, 50 Cal. 3d at 212.

In order for there to be a "controlling question of law," there must be "a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." Sierra Foothills Public Utility Dist. v. Clarendon America Ins. Co., No. 05-CV-0736 AWI/SMS, 2006 WL 2085244, at *3 (E.D. Cal. Jul. 25, 2006). Congress "used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something [that] could [be] decide[d] quickly and cleanly without having to study the record, the court should be enabled to

5

do so without having to wait till the end of the case." <u>Ahrenholz v. Bd. of Trustees</u>, 219 F.3d 674, 676-77 (7th Cir. 2000).

Here, however, plaintiffs have not demonstrated the existence of a pure question of law. For example, plaintiffs argue that the litigation privilege does not apply where the legal forum (e.g., Panama) lacks adequate procedural safeguards. <u>See</u> <u>Beroiz v. Wahl</u>, 84 Cal. App. 4th 485, 494 n.5 (2000) ("evidence that a foreign proceeding is devoid of adequate procedural safeguards may raise a triable issue as to whether communications connected with the proceeding fall within the scope of the absolute privilege"). Relying on a State Department report, however, the bankruptcy judge found that there was no triable issue of fact on this point. Tr. 71:17-72:12. Similarly, plaintiffs argue that defendants "litigated to the press" through Panamanian television, which is not protected by the litigation privilege, <u>Rothman v. Johnson</u>, 49 Cal. App. 4th 1134 (1996), but defendants argued that there was no evidence demonstrating that they had made statements to the press.

Unlike a pure question of law, the overarching issue raised by this putative appeal is whether the bankruptcy court correctly applied the litigation privilege to the facts of this case. The disputes regarding whether defendants' allegedly defamatory statements were made to achieve the objects of litigation, whether they were sufficiently close in time to when the criminal proceedings were instituted, and whether they had a sufficient functional nexus to those proceedings are all record-specific issues -- not controlling questions of law. <u>See</u> <u>Ahrenholz</u>, 219

1  F.3d at 676-77.

2  Further, even if plaintiffs could show the existence of a
3  controlling question of law, they have not demonstrated that there
4  would be a *substantial* grounds for a difference of opinion in how
5  the bankruptcy resolved the motion.  The communications at issue
6  include the filing of criminal charges, statements to possible co-
7  parties informing them of potential or existing legal action, and
8  settlement demands -- all of which are protected under the
9  litigation privilege.  See Wang v. Hartunian, 111 Cal. App. 4th
10 744, 749 (2002); eCash Techs., Inc. v. Guagliardo, 210 F. Supp. 2d
11 1138, 1152 (C.D. Cal. 2001); Rothman, 49 Cal. App. 4th at 1148.
12 Accordingly, this matter is inappropriate for interlocutory appeal.

**Conclusion**

14 For the reasons explained above, the motion is DENIED.

15 IT IS SO ORDERED.

16 DATED: May 5, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7